IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 2 1 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 07-cv-00440-ZLW

DOSSIE L. HOWARD,

    Plaintiff,

v.

DENVER DISTRICT COURT, 1437 Bannock St., Den., CO,

    Defendant.

---

## ORDER DENYING MOTION TO RECONSIDER

---

On June 7, 2007, Plaintiff Dossie L. Howard filed a *pro se* document titled "Motion to Amend After Dismissal of Judgement [sic]." The Court must construe the Motion liberally because Mr. Howard is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Motion will be construed as a Motion to Reconsider and will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed within ten days after the judgment will be considered pursuant to Rule 59(e). *See id.* A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b).

*See id.* at 1243. Mr. Howard's Motion, which was filed more than ten days after the Court's order and judgment of dismissal entered on May 17, 2007, will be construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The basis for the Court's dismissal is explained in detail in the May 17, 2007, Order. Upon consideration of the Motion to Reconsider and the entire file, the Court finds that Mr. Howard fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Therefore, the Motion will be denied. Accordingly, it is

ORDERED that the Motion to Amend After Dismissal of Judgment, filed June 7, 2007, is construed as a Motion to Reconsider filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and is denied.

DATED at Denver, Colorado, this 19 day of June, 2007

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00440-BNB

Dossie Howard
Prisoner No. 51511
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 6/21/07

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk